**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:01-cr-114WS
    CIVIL NO. 3:03-cv-1125WS

EARNEST RAY BERNARD

**ORDER**

Before the court is the defendant's motion to vacate judgment and to grant habeas corpus relief by modifying his sentence pursuant to Title 28 U.S.C. § 2255.[1] The defendant entered a plea of guilty to one count of bank robbery in violation of Title 18 U.S.C. § 2113(a) and (d),[2] and to one count of brandishing a firearm in violation of Title 18 U.S.C. § 924(c)(1)[3] on September 20, 2002.  The defendant's guilty plea was

---

[1] Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2] Title 18 U.S.C. § 2113(a) and (d) provide that, "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or  Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny – Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

[3] Title 18 U.S.C. § 924(c)(1)(A) provides that, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking

accompanied by a Memorandum of Understanding containing certain waivers, particularly the waiver of his right to appeal his conviction or the manner in which his sentence was imposed; and his right to pursue habeas corpus relief pursuant to Title 28 U.S.C. § 2255.  This court accepted the defendant's plea of guilty and subsequently imposed a sentence of thirty (30) months as to count one and a mandatory sentence of eighty-four (84) months as to count two, the sentences to be served consecutively.  This court entered its judgment reflecting this disposition on September 27, 2002.

## THE MATTER OF WAIVER

The defendant submitted the instant § 2255 petition on September 23, 2003, claiming ineffective assistance of counsel.  The petition does not challenge the validity of the defendant's guilty pleas or the waivers of both the right to appeal and the right to pursue habeas corpus relief as set forth in the Memorandum of Understanding he signed.  The petition does not challenge the defendant's signature on the Memorandum of Understanding, or the waivers therein contained.  There is nothing to inform this court that the defendant's waivers were not knowingly and understandably agreed to by the defendant and, as such, enforceable.  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002);  *see also United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights);  and *United*

---

crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; ... ."

*States v. McKinney*, 406 F.3d 744 (5th Cir. 2005)(enforcing, post- *Booker,*[4] a waiver of appeal rights that was signed prior to the issuance of *Booker*).

The defendant's claim that he received ineffective assistance falls outside the scope of his waivers only if his claim is a direct challenge to the validity of his plea. *White*, 307 F.3d at 343-44.  The defendant claims only that counsel was ineffective because he failed to present to the court any evidence of the defendant's reduced mental capacity.[5]  The defendant makes this claim and submits argument that his mental capacity might have established lack of intent, notwithstanding his waiver of this argument and the right to pursue this matter either on appeal or pursuant to § 2255.  This court is satisfied that the defendant's right to appeal and his right to pursue habeas corpus relief are waived in accordance with the Memorandum of Understanding he signed and does not now contest, and this court shall enforce these waivers.

## DEFENDANT'S DOWNWARD DEPARTURE REQUEST

The defendant also submits with his motion under § 2255 a request for downward departure under §§ 5H1.4 and 5K2.0 of the United States Sentencing Guidelines.  Section 5H1.4 pertains to extraordinary physical impairments and substance abuse.  No evidence has been presented in this case at any time that the defendant had any history of substance abuse, and he presented no apparent

---

[4] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[5] The record confirms that the defendant's attorney filed a motion for a psychiatric evaluation.  An extensive evaluation of the defendant's mental capacity was considered by the court prior to the defendant's guilty plea.  This matter was made part of the record under seal on October 17, 2001.

physical impairments of any extraordinary nature.  Section 5K2.0 permits this court to depart downwardly "if the court finds that there exists a ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  For instance, the United States Supreme Court has held that a district court may grant a downward departure based on an individual's susceptibility to abuse in prison.  *Koon v. United States*, 518 U.S. 81, 111-12, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996);  *see also United States v. Castillo*, 430 F.3d 230 (5th Cir. 2005) (denying downward departure based on defendant's HIV status).  This court finds no basis for applying a downward departure in the instant case based on §5K2.0.  Therefore, the defendant's request for downward departure based on these sections of the United States Sentencing Guidelines is denied.

## DEFENDANT'S *BLAKELY/BOOKER* ARGUMENT

The defendant has submitted a supplement to his habeas corpus petition based on the United States Supreme Court's ruling in the case of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  In *Blakely* the United States Supreme Court invalidated an upward departure under the sentencing guidelines of the State of Washington, which was imposed on the basis of facts found by the court at sentencing.  Because these facts relied on by the Washington court were neither admitted by the defendant nor found by a jury, the Supreme Court held that the sentence violated the Sixth Amendment.  Subsequently, in the case of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United

States Supreme Court extended the reasoning of *Blakely* to the United States Sentencing Guidelines.  However, The United States Court of Appeals for the Fifth Circuit in the case of *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005), a case involving a successive Section 2255 petition, observed that the Supreme Court had "strongly suggested" that *Blakely*, and *Booker* do not apply retroactively on collateral review.  In the instant case, the defendant's sentence became final on October 7, 2002.[6]  The United States Supreme Court decisions in *Blakely* and *Booker* were handed down in 2004 and 2005, respectively.

Since *Booker* was decided, the federal appellate courts which have considered the question have concluded that *Booker* does not apply retroactively to cases whose direct appeal was over and who are proceeding on collateral review.  *See Varela v. United States*, 400 F.3d 864, 866 (11th Cir. 2005);  *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005);  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005); *United States v. Leonard*, 120 Fed. Appx. 759 (10th Cir. 2005) (not selected for publication in the Federal Reporter).  This is because the holding is a new constitutional rule of criminal procedure, not retroactively applicable to cases that became final before the decision was announced. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334

---

[6]Rule 4(b)(1)(A)(I) of the Federal Rules of Appellate Procedure provides in pertinent part that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (I) the entry of either the judgment or the order being appealed; ... ."  Judgment in this case was entered on September 27, 2002 and became final on October 7, 2002.

(1989). In *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005), decided on October 30, 2005, the Fifth Circuit did not specifically discuss the issue of retroactive application of *Booker*. Rather, the decision simply cited the *Booker* decision, 125 S.Ct. at 738, for authority that *Booker* is not retroactively applicable to cases on collateral review.

  The conclusion that *Booker* will not be applied retroactively to cases on collateral review is buttressed by the United States Supreme Court's decision in *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), decided the same day as *Blakely*. *Schriro* dealt with the retroactivity of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case which held that because Arizona law authorized the death penalty only if an aggravating factor was present, this factor must be found by a jury rather than by the judge. The Supreme Court stated that substantive rules generally apply retroactively, but that new procedural rules do not, unless they are "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. The Supreme Court specifically said that *Ring v. Arizona*, did not apply retroactively to cases on collateral review. *Schriro*, 542 U.S. at 348, 124 S.Ct. at 252. Based on this and the foregoing authorities, this court concludes that the defendant's claims submitted pursuant to § 2255 not only are waived but also fail because they rely on authority which is not applied retroactively to cases on collateral review.

  Finally, even if *Booker* were retroactively applicable, it would not entitle the defendant in the instant case to relief. The two-level enhancement referred to by the

6

defendant imposed pursuant to Section 2B3.1(b)(1) of the United States Sentencing Guidelines does not violate the principles set forth in *Blakely* and *Booker*, because those cases explicitly allow a sentence to be increased based on facts not tried to a jury, if they are admitted by the defendant in the plea colloquy.  *Booker*, 125 S.Ct. at 756, and *Blakely*, 124 S.Ct. at 2537.  The defendant has admitted in his plea that he robbed a bank in violation of Title 18 U.S.C. § 2113(a) and (d), and that property belonging to a financial institution was taken.  This admission merits a two-level enhancement under the Guidelines.  While the defendant also refers to Section 2K2.4(a)(2) of the United States Sentencing Guidelines in connection with his sentence under Title 18 U.S.C. § 924(c)(1), this section merely states that the sentence must be imposed in accordance with what the statute requires, in this case seven (7) years or eighty-four (84) months.

## **CONCLUSION**

The defendant's § 2255 motion fails in its entirety based upon the above analysis which finds that he waived his right to file the claims raised in his initial § 2255 motion, and because *Blakely/Booker* does not apply retroactively to cases whose direct appeal was over and who are proceeding on collateral review.  Thus, the defendant's § 2255 petition is hereby denied.

**SO ORDERED**, this the 3rd day of April, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CRIMINAL NO. 3:01-cr-114WS
Order denying § 2255 petition